McRAE, Presiding Justice,
Dissenting.
¶ 20. The analysis used by the majority to disregard this Court’s holding in Booker v. State, 699 So.2d 132 (Miss.1997), and its adoption of the doctrine of equitable tolling are fatally flawed. For these reasons, I dissent.
¶21. The. majority disregards this Court’s holding in Booker ■ by asserting that the decision is only a plurality decision which does not create precedent or a binding result. In my view,' Booker is not a plurality decision, but a .majority decision. A plurality vote is an opinion with less than five votes. In Booker, Justice Banks wrote the majority which was joined by Presiding Justice Prather, Presiding Justice Sullivan, and then Justice (now Chief Justice Pittman). I concurred in result only. Four (4) Justices dissented, then Justice (now Presiding Justice) Smith, Chief Justice Dan Lee, Justice Roberts, and Justice Mills. A “concurrence in result only” is a vote for the majority opinion, however signifies that there may be some points and/or statements in the majority which the Justice disagrees. “Concurring in result only” still means one is agreeing with the majority’s holding and outcome. By concurring in result only, I essentially acquiesced in Justice Banks’s opinion. Since five Justices concurred in the Booker opinion, it is indeed a majority opinion which did establish precedent. Contrary to the majority’s findings, Booker did create a binding result. The majority’s disregard for the Booker holding is fatally misguided. As found in Booker, the statute of limitations for post-conviction relief does not begin to run “until the conclusion of [the] direct appeal, which [does] not occur until the denial of rehearing of [a] petition for cer-tiorari in the United States Supreme Court from this Court’s decision [on] direct appeal.” 699 So.2d at 134. That is the law, and that is what this Court should have found here.
¶ 22. Furthermore, the majority’s adoption of the doctrine of equitable tolling as it applies to capital cases is fatally flawed. Equity should not be used to create a new defense and appeal mechanism for defendants in criminal cases who claim the delay of their post-conviction appeal was due to no fault of their own and under extenuating circumstances. By adopting the doctrine .of equitable tolling, the majority is opening a flood gate of appeals and fact intensive review. The majority’s holding creates a free-for-all standard when it comes to criminal appeals. Is equity now going to be applicable to all criminal convictions and proceedings?
¶ 23. For these reasons, I dissent.